UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------------------------- X
                                           :
BE LABS, INC.,                             :
                            Plaintiff,     :
                                           :        24 Civ. 3643 (LGS)
            -against-                      :
                                           :            ORDER
UBIQUITI INC.,                             :
                            Defendant.     :
------------------------------------------------------------- X
```

LORNA G. SCHOFIELD, District Judge:

WHEREAS, a claim construction hearing was held on April 8, 2025. There, Defendant acknowledged that the "core dispute is [whether] broadcast is ever going to be allowed to have two-way traffic." Both in briefing and in argument, Defendant relied on prosecution history and representations made by Plaintiff during an appeal to the Patent Trial and Appeal Board ("PTAB"). Defendant argues that the doctrine of prosecution disclaimer precludes Plaintiff from expanding the invention's scope to include "two-way traffic."

WHEREAS, on July 15, 2009, PTAB issued a decision reversing the examiner's rejection of what would become Patent '581 (the "PTAB Opinion"). Dkt. No. 55-3. The PTAB Opinion explains that "[t]he Examiner has interpreted the claim limitation directed to broadcasting as being: broad enough to read on the channel being dedicated to the video broadcast during a broadcast, but when there is no broadcast, the channel may have a different use," despite Plaintiff's arguing for a narrower interpretation. *Id*. at 9. The opinion rejects Plaintiff's argument at the time, noting "we do not hold [that] independent claim 1 is limited to one way communication," and reverses on other grounds. *Id*. at 9-11.

WHEREAS, "[w]hile clear and limiting statements made by the patent owner can give rise to disclaimer, they do not . . . where those statements were clearly and expressly rejected by

the Patent Office." *Galderma Labs., L.P. v. Amneal Pharms. LLC*, 806 F. App'x 1007, 1010–11 (Fed. Cir. 2020) ("Because the Board rejected the Patent Owner's arguments regarding the meaning of delayed release, the record before the Patent Office clearly put the public on notice that the meaning of delayed release . . . is not limited to formulations requiring that there be no substantial release in the stomach."); *see also Power Integrations, Inc. v. ON Semiconductor Corp.*, 396 F. Supp. 3d 851, 864 (N.D. Cal. 2019); *Motiva Patents, LLC v. Sony Corp.*, 2019 WL 3933670, at **19-21 (E.D. Tex. Aug. 20, 2019); *Vertical Tank Inc. v. BakerCorp*, 2019 WL 2207668, at **11-12 (E.D. Cal. May 22, 2019).  It is hereby

**ORDERED** that by **April 18, 2025**, Defendant shall submit a letter -- not to exceed 2 pages -- addressing how the PTAB decision rejecting Plaintiff's narrow reading of the claim language impacts its prosecution disclaimer arguments.

Dated:  April 14, 2025
          New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE